**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BETTY JO FIELDS**, on behalf of herself and others similarly situated, | : | **CASE NO. 2:24-cv-263** |
| Plaintiff, | : | **JUDGE** |
| v. | : | **MAGISTRATE JUDGE** |
| **CARESOURCE MANAGEMENT SERVICES LLC** | : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff Betty Jo Fields ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Collective and Class Action Complaint against Defendant CareSource Management Services LLC ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; O.R.C. § 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will collectively be referred to herein as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.    JURISDICTION AND VENUE**

1.    This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2.    This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as

this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant maintains its principal place of business in the Southern District of Ohio.

## II.  PARTIES

### A.  Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of this judicial district.

5. Named Plaintiff worked as a salaried, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts in the position of Clinical Appeals Nurse from approximately August 2022 to the present.

6. At all times relevant, Named Plaintiff primarily performed non-exempt duties, such as reviewing medical authorization appeals submitted by healthcare providers and other clients against pre-determined guidelines and criteria for coverage and payment purposes.

7. Named Plaintiff performed these duties while working remotely in Chillicothe, Ohio.

8. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### B. **Defendant**

9. Defendant CareSource Management Services LLC is a domestic limited liability company authorized to do business in Ohio.

10. Defendant offers and administers health insurance plans through Medicaid, Medicare, and the Health Insurance Marketplace throughout the United States.[1]

11. Upon information and belief, Defendant's principal place of business is located at 230 N. Main St., Dayton, OH 45402.

12. At all relevant times, Defendant was an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Named Plaintiff and those similarly situated as described herein.

13. At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees of Defendant. In so doing, Defendant is responsible for the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

14. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

15. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

---

[1] *About Us*, CARESOURCE, https://www.caresource.com/about-us/ (last visited January 22, 2024).

16. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

17. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

18. Defendant operates and controls an enterprise engaged in interstate commerce by offering and selling a variety of health insurance plans.

19. Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level).

20. Upon information and belief, Defendant has applied or cause to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment of and compliance with the FLSA and the Ohio Acts (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

21. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

**III. FACTS**

22. During all times relevant, Defendant operated a willful scheme to deprive its Clinical Appeals Nurses and others similarly situated of overtime compensation.

23. Specifically, Named Plaintiff and those similarly situated worked as Clinical Appeals Nurses performing medical authorization appeal reviews for Defendant. As Clinical Appeals Nurses, Named Plaintiff and the putative collective members' primary job duty was to

review medical authorization appeals submitted by healthcare providers and other clients against pre-determined guidelines and criteria for coverage and payment purposes.

24. Named Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours during the three (3) years immediately preceding the filing of this Complaint.

25. Despite regularly working more than forty (40) hours in a workweek, Defendant did not and does not pay Named Plaintiff and Defendant's other similarly situated employees any overtime wages for the hours that they worked in excess of forty (40) in a workweek.

26. Instead, Defendant misclassifies Named Plaintiff and other similarly situated employees as exempt employees and does not pay them overtime wages.

27. At all times relevant here, it has been Defendant's policy or practice to uniformly misclassify Named Plaintiff and other similarly situated employees as exempt from federal and state overtime provisions and not to pay them any overtime wages.

28. Named Plaintiff and other similarly situated employees primarily engage in non-exempt duties.

29. Named Plaintiff and other similarly situated employees were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. Named Plaintiff and other similarly situated employees do not qualify for any exemption from overtime pay.

30. Defendant did not properly compensate Named Plaintiff and other similarly situated employees overtime premium for overtime hours worked.

31. During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated employees to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half

times (1.5x) their regular rates of pay, all of which resulted from Defendant's companywide policies and/or practices described above that affected Named Plaintiff and all other similarly situated employees.

32. Defendant's failure to pay for overtime work resulted in Named Plaintiff and similarly situated employees not being paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) in a workweek.

33. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

34. Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees as described herein.

35. Upon information and belief, for the three (3) years preceding this Complaint, Defendant applied the same pay practices and policies to all Clinical Appeals Nurses, including Named Plaintiff.

36. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and other similarly situated employees is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

**IV.　FLSA COLLECTIVE ALLEGATIONS**

37. Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All persons who worked as Clinical Appeals Nurses or other job titles performing similar job duties for Defendant who**

>**worked in excess of forty (40) hours, beginning three years before the filing of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

38. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

39. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to companywide unlawful payroll policies and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by misclassifying Named Plaintiff and the putative FLSA Collective Members as exempt from receiving overtime. As a result, Defendant did not pay Named Plaintiff and the FLSA Collective overtime premium for all overtime hours worked. Named Plaintiff is representative of those Clinical Appeals Nurses and others similarly situated and is acting on behalf of their interests as well as her own in bringing this action.

40. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to join it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

41. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V. RULE 23 CLASS ALLEGATIONS

42. Named Plaintiff brings her Ohio Acts claims pursuant to Rule 23 as a class action on behalf of herself and all other members of the following class:

> **All persons who worked as Clinical Appeals Nurses or other job titles performing similar job duties for Defendant who worked in excess of forty (40) hours beginning two years before the filing of this Complaint and continuing through the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

43. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly paid overtime for all hours worked in excess of forty (40) because of Defendant's policies and/or practices of misclassifying them as exempt employees.

44. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

45. Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

46. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

47. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

48. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

49. Questions of law and fact are common to the Ohio Rule 23 Class.

50. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its misclassified salaried employees.

51. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

52. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

53. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Acts by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) per workweek because it misclassified them as exempt from overtime; (b) whether Defendant's violations of the Ohio Acts were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (d) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

54. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein,

or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

57. The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

58. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

59. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

60. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because Defendant misclassified them as exempt and it did not pay any overtime compensation.

61. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

62. Named Plaintiff and the FLSA Collective Members were not exempt from receiving overtime compensation.

63. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

64. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

65. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

**COUNT II:**
**O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

66. All of the preceding paragraphs are realleged as if fully rewritten herein.

67. This claim is brought under the Ohio Wage Act.

68. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

69. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the

exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

70. Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime for all hours worked over forty (40) in a workweek for workweeks because Defendant misclassified them as salaried exempt and did not pay them one-and-one-half times (1.5x) their regular rates of pay for hours in excess of forty (40) in a workweek.

71. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of Ohio law.

72. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

73. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

74. For Defendant's violations of the Ohio Wage Act, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Ohio Rule 23 Class Members.

## COUNT III:
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

75. All of the preceding paragraphs are realleged as if fully rewritten herein.

76. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

77. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

78. The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

79. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendant also violated the OPPA.

80. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

81. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

82. As a result of Defendant's willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages as stated in Section 4113.15.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

C. Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

D. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

E. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

I. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

J. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)

        Tristan T. Akers (0102298)
        1550 Old Henderson Rd
        Suite #126
        Columbus, Ohio 43220
        Phone: 614-949-1181
        Fax: 614-386-9964
        Email: mcoffman@mcoffmanlegal.com
              agedling@mcoffmanlegal.com
              khendren@mcoffmanlegal.com
              takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

        */s/ Matthew J.P. Coffman*
        Matthew J.P. Coffman