UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BETTY JO FIELDS,**

         **Plaintiff,**     :

  v.                              **Case No. 2:24-cv-263**
                                   **Judge Sarah D. Morrison**
                                   **Magistrate Judge Elizabeth A.**
**CARESOURCE MANAGEMENT**      **Preston Deavers**
**SERVICES LLC,**              :

         **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Betty Jo Fields's Renewed Motion for Court-Facilitated Notice to Potential Opt-In Plaintiffs. (Renewed Mot., ECF No. 33.) This Court ruled on Ms. Fields's first Motion for Court-Facilitated Notice (the "Original Motion") a mere ten days before the Renewed Motion was filed. (*See* Aug. 13 Order, ECF No. 31.) The Renewed Motion is thus properly construed as a motion for reconsideration.

District courts may reconsider interlocutory orders prior to final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see also* Fed. R. Civ. P. 54(b). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959. "New evidence" is evidence that was "previously unavailable." *Ne. Ohio Coal. for Homeless v. Brunner*,

652 F.Supp.2d 871, 881 (S.D. Ohio 2009) (Marbley, J.). Reconsideration is not an appropriate vehicle for merely disagreeing with a district court's opinion, or for expanding on earlier arguments. *Nayyar v. Mt. Carmel Health Sys.*, No. 2:10-CV-00135, 2014 WL 619394, at *3 (S.D. Ohio Feb. 18, 2014) (Marbley, J.); *Doe v. Ohio State Univ.*, 323 F. Supp. 3d 962, 965 (S.D. Ohio 2018) (Smith, J.).

Ms. Fields correctly notes that the Court denied her Original Motion because CareSource offered undisputed evidence that Clinical Appeals Nurses' job duties differ based on their assigned teams, experience, and training. (Renewed Mot, PAGEID # 313 (citing Aug. 13 Order, PAGEID # 279).) She uses the Renewed Motion to offer evidence responsive to CareSource's winning argument—namely, declarations with more detailed descriptions of the putative plaintiffs' day-to-day job duties. But there is no indication that these declarations, or the facts they recite, were previously unavailable to Ms. Fields. Thus, there is no "new evidence" appropriate for review on a motion for reconsideration. The Renewed Motion is **DENIED**.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**