# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BETTY JO FIELDS,**

      **Plaintiff,**    :

  v.                            **Case No. 2:24-cv-263**
                                       **Chief Judge Sarah D. Morrison**
                                       **Magistrate Judge Elizabeth A.**
**CARESOURCE MANAGEMENT**       **Preston Deavers**
**SERVICES LLC,**                :

      **Defendant.**

## ORDER

This matter is before the Court on Plaintiff Betty Jo Fields's Motion to Clarify, Motion for Reconsideration of the Court's August 26, 2024 Order, and Request for Oral Argument. (Mot., ECF No. 40.) The Motion is **DENIED**.

On August 13, 2024, this Court denied Ms. Fields's first Motion for Court-Facilitated Notice because she failed to rebut CareSource's evidence that Clinical Appeals Nurses' job duties varied based on the individual's experience, assigned team, and appeal portfolio. (ECF No. 31.) Ten days later, without any additional discovery having taken place, Ms. Fields filed a Renewed Motion for Court-Facilitated Notice with new affidavits rebutting CareSource's evidence (the "Affidavits"). (ECF No. 33.) The Court construed Ms. Fields' Renewed Motion as a motion for reconsideration and denied it on that basis without awaiting a response. (ECF No. 35.) Ms. Fields now complains that the Court's treatment of her Renewed Motion was inconsistent with past practice and works a manifest injustice. (Mot.)

Ms. Fields fails to see the distinction between a renewed motion and a second bite at the apple. Her counsel made a decision—strategic, tactical, or otherwise—not to present the Affidavits in support of her Original Motion. And, though the Sixth Circuit expressly allows limited discovery on this question (*see* Mot., PAGEID # 482–84 (collecting cases in which courts permit limited discovery on similarly situatedness)), her counsel made another decision not to pursue that limited discovery. The Court has no obligation to relieve Ms. Fields from the consequences of her counsel's decisions. To the extent Ms. Fields believes she rebutted CareSource's evidence through argument on the Original Motion, the Court found that argument to be unpersuasive.

The Court <u>cannot</u> facilitate notice of this action to potential opt-in plaintiffs at this stage because the Court <u>is not</u> persuaded that there is a strong likelihood that Clinical Appeals Nurses are similarly situated. *Clark v. A&L Homecare & Training Ctr, LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023). After discovery has begun in earnest, Ms. Fields <u>may move for leave to file</u> a renewed motion for Court-facilitated notice. Any such motion must set out new evidence and good-faith argument as to why the Court's August 13 decision should change.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON
CHIEF UNITED STATES DISTRICT JUDGE**